Joel W. Rice (admitted *pro hac vice*)
FISHER & PHILLIPS llp
10 South Wacker Drive, Suite 3450
Chicago, IL 60622
Telephone: (312) 346-8061
Fax: (312) 346-3179
jrice@fisherphillips.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Heather Ramm, et al. | Civil Action No. 4:18-cv-00231-JAS |
|---|---|
| Plaintiff, | |
| v. | **JOINT MOTION TO APPROVE INDIVIDUAL FLSA SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE** |
| Pizza Hut of Arizona, Inc. et al. | |
| Defendants | |

Plaintiff Heather Ramm ("Plaintiff") and Defendants (collectively "the Parties"), by and through undersigned counsel, hereby submit this Joint Motion to approve an individual FLSA settlement and dismiss the claims made in this case with prejudice.  In support of this Joint Motion, the Parties state as follows:

1.      Plaintiff in this case was a pizza delivery driver who worked for a Pizza Hut brand restaurant in the State of Arizona.  In the Complaint, Plaintiff asserted claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). (*See* Dkt. 5).  Plaintiff alleged that the under-reimbursement of her automobile expenses caused her to be compensated below the federal and Arizona state minimum wage.  (*See Id.*).

2.      While this case is pled as a purported collective and class action, Plaintiff

1

signed an arbitration agreement that contains a collective and class action waiver.  Under the Supreme Court's recent decision in *Epic Systems Corp v. Lewis*, 584 U. S. ___ (2018), Plaintiff likely cannot proceed in this litigation as a collective action under the FLSA or as a class action under Rule 23.  *See generally Id.* (slip opinion) (upholding legal validity of collective action waivers in context of FLSA).  Thus, the proposed individual settlement of Plaintiff's claims does not abridge any other individual's right to pursue a separate claim under applicable federal or state law and is not binding on any other purported class member.  At the time of the filing of this action, undersigned counsel for Plaintiff was unaware of the existence of the aforementioned arbitration agreement.

3.      In actions brought under the FLSA, such as this lawsuit, settlement agreements require judicial approval.  *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982); see *Hand v. Dionex*, 2007 WL 3383601*1 (D. Ariz. Nov. 13, 2007) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1352-55); *see also In re: Sepracor, Inc. FLSA Litigation*, 2009 U.S. Dist. LEXIS 97791*5 (D. Ariz. Oct. 9, 2009) (same). Consequently, "[w]hen employees bring a private action ... under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  *Lynn's Food*, 679 F.2d at 1353.

4.      Under the *Lynn's Food* analysis, courts consider whether (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties, and (3) the proposed settlement contains an award of reasonable attorney's fees.  *Lynn's Food Stores, Inc.*, 679 F.2d at 1352-55.  As established below, the settlement reached by the Parties satisfies each of these factors.  (*See* the Parties' Proposed Settlement Agreement, which is being submitted to the Court's email in-box for *in camera* review concurrently with the filing of this Motion).

5.      Among the factors relevant to this determination are the course of the negotiations, the existence of any factual or legal questions that place the outcome of the litigation in doubt, the benefits of immediate recovery balanced against litigation, and the

FPDOCS 34107068.1

parties' belief that the settlement is fair.  *See Fontes v. Drywood Plus, Inc.*, No. CV-13-1901-PHX-LOA, 2013 WL 6228652, at *6 (D. Ariz. Dec. 2, 2013).  When parties seek approval of a FLSA settlement, a district court may approve the settlement agreement if it reflects a "reasonable compromise over the issues." *Lopez v. Arizona Public Service Co.*, 2010 WL 1403873, at * 1 (D. Ariz. Jan.27, 2010).

6.      The Parties jointly confirm that they had a bona fide dispute under the FLSA.  It is not disputed that Defendants provided drivers with a separate monetary payment to compensate drivers for expenses incurred delivering food items.  Plaintiff alleges that Defendants' under-reimbursement of her actual automobile expenses caused her to be compensated below the federal minimum wage.  Defendants contend that the reimbursements paid to Plaintiff for automobile expenses and their supporting methodology account for the actual automobile expenses incurred delivering food items.

7.      During the course of negotiating settlement, Plaintiff and Defendants exchanged substantial information relating to Ramm's employment, automobile, deliveries, mileage, and actual reimbursements paid for automobile expenses incurred during her employment.  Although Defendants maintain that there are viable legal defenses to the claims asserted by Plaintiff, Defendants have entered into the Agreement in order to avoid further legal expenses and additional, protracted litigation.

8.      Thus, the Parties' settlement resolves a bona fide dispute in this litigation without the need for, and the risks and costs associated with, additional litigation and the need to engage in separate, arbitral proceedings.

9.      Furthermore, the settlement reflects a fair and equitable resolution of Plaintiff's purported legal claims.  Plaintiff was represented by counsel with extensive experience litigating FLSA issues.  Counsel for Plaintiff and Defendants have significant experience litigating cases involving the alleged under reimbursement of automobile expenses under the FLSA on a national basis.

10.    Since this lawsuit was initiated in April 2018, the Parties have investigated

3

the facts and developed independent calculations of the purported damages.   The parties have investigated and analyzed the facts and law and reached a reasonable settlement given the risk to which each side was exposed.

11.     The consideration under the Settlement Agreement fairly and reasonably compensates Plaintiff for her purported minimum wage claims.  In this regard, the amount of the alleged under-reimbursement of automobile expenses is highly contested, and there is no definitive evidence as to the actual expenses that Plaintiff incurred driving a car delivering food items for Defendants.  Even under the most liberal methodology for the calculation of damages, the consideration paid to Plaintiff in the Settlement Agreement represents a fair and reasonable recovery to Plaintiff.

12.     Accordingly, Plaintiff represents in the Settlement Agreement that, as a result of the consideration provided by Defendants, she has been paid all minimum wages due and owing to her during the relevant period.

13.     Moreover, the proposed settlement does not bind any other individual, other than Plaintiff and Defendants, to any term or condition of settlement.  Thus, settlement of this matter does not adversely affect the interest of any non-party to the settlement.  As a matter of law, Plaintiff could not have pursued this case as part of a collective or class action based on her signing an arbitration agreement that precluded such an action.

14.     Finally, the proposed settlement contains an award of reasonable attorney's fees. During the course of this litigation, Plaintiff's counsel engaged in initial fact-finding and the review of Plaintiff's claims, drafted pleadings and initiated litigation, prepared Plaintiff's litigation strategy, and negotiated and helped prepare documentation relating to settlement, amongst other activities.

15.     For all the above reasons, the settlement proposed by the Parties represents a fair and equitable resolution of a bona fide dispute between the Parties, and should be approved by the Court.

**WHEREFORE**, Plaintiff and Defendants, by and through their respective

4

undersigned counsel, respectfully request that this Court enter a stipulated order approving the settlement of Plaintiff's FLSA claims and dismissing this lawsuit.

RESPECTFULLY SUBMITTED this 27th day of July, 2018.

FISHER & PHILLIPS LLP

By  s/  Joel W. Rice
        Joel W. Rice (*pro hac vice*)
        James M. Hux, Jr. (*pro hac vice*)
        10 South Wacker Drive, Suite 3450
        Chicago, IL 60622
        Attorneys for Defendants


FORESTER HAYNIE PLLC

By  s/ David Matthew Haynie
        David Matthew Haynie
        Jesse Hamilton "Jay" Forester
        1701 N. Market Street, Suite 210
        Dallas, Texas 75202
        Attorneys for Plaintiff

FPDOCS 34107068.1

1

2

3

4

5

6

7

8

9

10

14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

David Matthew Haynie
Jessie Hamilton "Jay" Forestor
FORESTER HAYNIE PLLC
1701 N. Market Street, Suite 210
Dallas, Texas 75202
Attorneys for Plaintiff

s/ Joel W. Rice

FPDOCS 34107068.1